01
02
03
04
05

06
07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08  HUNG VAN NGUYEN,                          )   CASE NO.    C07-1367-JCC
                                              )                      (CR04-180-JCC)
09          Petitioner,                       )
                                              )
10      v.                                    )   REPORT AND RECOMMENDATION
                                              )
11  UNITED STATES OF AMERICA,                 )
                                              )
12          Respondent.                       )
    _____  )

13

14                              <u>INTRODUCTION</u>

15          Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his

16  sentence. Respondent has filed an answer, petitioner has filed a response, and respondent has filed

17  a reply. Having considered the parties' briefs, the Court concludes, for the reasons set forth

18  below, that petitioner's motion should be denied.

19                              <u>BACKGROUND</u>

20          In 2004, petitioner was charged, along with several others, with conspiring to distribute

21  cocaine and related federal offenses. The government had used a confidential informant ("CI")

22  in the investigation leading to petitioner's arrest. At trial, however, the CI did not testify because

01 the government could not locate him.  Despite his counsel's urging, petitioner decided not to

02 testify.  This decision effectively precluded petitioner from arguing that he had been entrapped and

03 his sole remaining defense was that the government had not met its burden of proof.  Petitioner

04 was found guilty by the jury and was sentenced to 97 months in prison.

05     Petitioner appealed to the Ninth Circuit Court of Appeals.  In an unpublished opinion, the

06 Ninth Circuit affirmed petitioner's conviction on April 24, 2007.  *See United States v. Nguyen*,

07 2007 WL 1202896 (9th Cir. 2007).  On September 4, 2007, petitioner filed the instant motion

08 under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  (Dkt. No. 1).  On September

09 13, 2007, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §

10 636(b) and Local Rules MJR 3 and 4.  (Dkt. No. 4).

11     The government filed an answer to petitioner's § 2255 motion on October 19, 2007. (Dkt.

12 No. 8).  On November 13, 2007, petitioner filed a response to the government's answer.  (Dkt.

13 No. 10).  On November 16, 2007, the government filed a reply (Dkt. No. 12) and the matter is

14 now ready for review.

15                                    <u>DISCUSSION</u>

16     In his § 2255 motion, petitioner raises the following four grounds for relief:

17     1.  Ineffective Assistance – Reasonable Representation

18     2.  Ineffective Assistance – The Work-Product Doctrine

19     3.  Government Violation – Counsel Effectiveness

20     4.  Brady Claims

21

22

REPORT AND RECOMMENDATION
PAGE -2

01 (Dkt. No. 1 at 5, 6, 8, 9).[1]

02       The Court will discuss each ground for relief in turn.

03       1.  Ineffective Assistance –Reasonable Representation

04       In his first ground for relief, petitioner claims that his trial counsel, James M. Roe, was

05 ineffective for the following reasons:  Counsel commented to the trial court that the CI's absence

06 was a "blessing," counsel failed to investigate the CI prior to trial, and counsel failed to adequately

07 inform petitioner of the risks of going to trial.  (Dkt. No. 1 at 5).  After stating the appropriate

08 standard of review, the Court will apply that standard to these claims.

09       Claims of ineffectiveness of counsel are reviewed according to the standard announced in

10 *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984)." *Turner v. Calderon*, 281 F.3d 851, 872

11 (9th Cir. 2002).   In order to prevail, petitioner must establish two elements.   First, he must

12 establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard

13 of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687-88 (1984).

14 Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that

15 "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

16 proceeding would have been different." *Strickland*, 466 U.S. at 694.

17       Regarding the first prong of the *Strickland* test, there is a "strong presumption that

18 counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*,

19 466 U.S. at 689.  Thus, "[j]udicial scrutiny of counsel's performance must be *highly deferential*."

20

21        [1] Petitioner appears to attempt to raise a fifth ground for relief in his response. (Dkt. No 10 at 2-3).  The Court need not address the claim because it was not raised in petitioner's motion. In addition, the claim lacks merit for the reasons cited by the government in its reply.  (Dkt. No.

22 12 at 2).

REPORT AND RECOMMENDATION
PAGE -3

01 *Id.* (emphasis added). "A court must indulge a strong presumption that counsel's conduct falls

02 within the wide range of reasonable professional assistance." *Id.*  In addition, the Supreme Court

03 has stated that "a court need not determine whether counsel's performance was deficient before

04 examining the prejudice suffered by the defendant as a result of the alleged deficiencies."

05 *Strickland*, 466 U.S. at 697.  "The object of an ineffective assistance claim is not to grade

06 counsel's performance.  If it is easier to dispose of an ineffective assistance claim on the ground

07 of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

08 *Id.*

09        Here, petitioner's first claim is that counsel was ineffective in stating to the trial court that

10 it was a "blessing" that the CI was not available to testify.  The comment arose in the context of

11 petitioner's request that the trial court replace counsel after petitioner learned that the CI would

12 not be testifying at his trial.  Apparently, petitioner and counsel disagreed about the effect of the

13 CI's absence.  In his affidavit that the government has submitted as an exhibit to its response,

14 petitioner's counsel explains the difference of opinion as follows: "Oddly enough, [petitioner]

15 made it clear to me that he would not testify UNLESS the informant was present.  That made no

16 sense then and makes no sense now.  It may be a cultural issue but from a legal standpoint it would

17 have been wonderful had my client testified to the pressures, and threats of the informant without

18 any rebuttal offered by the government because they had no witness."  (Dkt. No. 8, Ex. B at 3)

19 (emphasis in original).

20        The Ninth Circuit, in reviewing petitioner's claim on direct appeal that he should have been

21 allowed to replace his trial counsel, in part because of this difference of opinion, determined that

22 "[t]he district court conducted an adequate inquiry into the dispute between [petitioner] and his

REPORT AND RECOMMENDATION
PAGE -4

01  counsel, and its decision was proper in light of the timing of the motion, [and] the fact that *the*

02  *disagreements were over trial strategy* and would have persisted with any lawyer . . . ." *United*

03  *States v. Nguyen*, 2007 WL 1202896 at *1 (9th Cir. 2007) (emphasis added).  In view of the

04  context in which counsel's comment that the absence of the CI was a "blessing" arose, and also

05  in light of the Ninth Circuit's view of this dispute, the Court finds that counsel's comment was

06  neither deficient nor prejudicial to petitioner.  It appears that the CI's absence was a potential

07  benefit, and not a detriment, to petitioner's defense at trial.  Accordingly, this claim should be

08  denied.

09      Petitioner's next claim is that counsel failed to investigate the CI prior to trial.  This claim

10  may be summarily denied because, as explained above, the CI's whereabouts were unknown and

11  therefore, counsel cannot be faulted for failing to investigate him.

12      Petitioner's final claim is that counsel failed to adequately inform him of the risks of going

13  to trial.  This claim is belied by counsel's affidavit, which describes in detail how counsel tried to

14  convey to petitioner the dangers of going to trial, but how petitioner resisted any form of plea

15  bargain because, as counsel puts it, "he would never accept responsibility . . . because he truly

16  believed . . . that he had been used by the CI.  [Petitioner] always wanted a trial or dismissal.  I

17  suggested some form of plea and he was opposed to it."  (Dkt. No. 8, Ex. B at 4-5).  Counsel's

18  view that petitioner wanted, above all else, to confront the CI in court is supported by petitioner's

19  own statements at trial.  In urging the trial court to direct the government to locate the CI,

20  petitioner stated, "I apologize if I impose too much on the Court or the government or my lawyer,

21  but I hope that the CI will be here so at least I will have justice rendered."  (*Id*., Ex. A at 193).

22  Unfortunately, it appears that this desire to confront the CI in court clouded petitioner's judgment

REPORT AND RECOMMENDATION
PAGE -5

01    and caused him to misapprehend the risks of going to trial.  In any event, his trial counsel

02    discharged his duties under *Strickland* and advised petitioner of these risks.   Therefore,

03    petitioner's third claim that counsel was ineffective should be denied.

04         2.  Ineffective Assistance – The Work-Product Doctrine

05         In his second ground for relief, petitioner claims that because counsel went on a two-

06    month vacation from which he returned only two weeks before trial, counsel had inadequate time

07    to prepare.  (Dkt. No. 1 at 6).  Counsel, a thirty-year veteran of criminal defense work, disputes

08    this contention in his affidavit, stating that his vacation "had no bearing as the facts that were to

09    come out at trial were fairly straightforward and the physical evidence was simple."  (Dkt. No. 8,

10    Ex. B at 1).  Petitioner's claim fails under *Strickland* because he does not point to any specific

11    prejudice that was caused by counsel's alleged inadequate preparation.  Moreover, it would be

12    difficult for petitioner to show prejudice due to lack of preparation because the evidence of his

13    guilt was substantial.  As the Ninth Circuit described it, "the evidence at trial established that

14    [petitioner] conspired with [co-defendants] to sell cocaine to the informant, that he directed the

15    negotiations and preparation of the cocaine at the apartment and therefore possessed the cocaine

16    with intent to distribute, and that he provided the informant a sample of cocaine."  *United States*

17    *v. Nguyen*, 2007 WL 1202896 at *1 (9th Cir. 2007).  Therefore, petitioner fails to satisfy the

18    "prejudice" prong of *Strickland* and his second ground for relief should be denied.

19         3.  Government Violation – Counsel Effectiveness

20         In his third ground for relief, petitioner argues that the government interfered with his

21    counsel's ability to defend him by failing to produce the CI at trial.  This ground for relief rests

22    upon a flawed premise.  As discussed above, it appears that the absence of the CI at trial benefitted

01 petitioner, rather than prejudiced petitioner.  Therefore, the government's failure to produce the

02 CI did not interfere with counsel's ability to defend petitioner and this ground for relief should be

03 denied.

04    4. *Brady* Claims

05    In his fourth ground for relief, petitioner argues that the government failed to disclose

06 material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  The government

07 contended in its answer that this claim was procedurally barred because petitioner did not present

08 it in his direct appeal to the Ninth Circuit.  (Dkt. No. 8 at 15-16,*citing Massaro v. United States*,

09 538 U.S. 503-04 (2003)).  Petitioner agrees, as in his response, he "stipulate[s]" to dismissal of

10 the claim.[2]  (Dkt. No. 10 at 5).  Accordingly, petitioner's final ground for relief should be denied.

11    CONCLUSION

12    For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside,

13 or correct his sentence, should be denied.  A proposed Order is attached.

14    DATED this 4th day of December, 2007.

15

16    _____
      Mary Alice Theiler
17    United States Magistrate Judge

18

19

20    _____

21    [2]  In their briefs, both the government and petitioner mistakenly refer to this claim as
petitioner's *third*, instead of *fourth*, ground for relief.  (Dkt. No. 10 at 5; Dkt. No. 12 at 2).
However, it is listed as his fourth ground in his § 2255 motion (Dkt. No. 1 at 9), and the Court
22 refers to it accordingly.

REPORT AND RECOMMENDATION
PAGE -7